## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN EAGLE OUTFITTERS, INC. and RETAIL ROYALTY COMPANY <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM SERVICES LLC and AMAZON.COM, INC. <br><br> Defendants. | CASE NO.:    No. 24-CV-7251 (JMF) |

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs American Eagle Outfitters, Inc. and Retail Royalty Company ("AEO" or "Plaintiffs") and Defendants Amazon.com Services LLC and Amazon.com Inc. ("Amazon" or "Defendants"), through their undersigned counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulation and Protective Order governs discovery in this Action.  The Parties also acknowledge that this Stipulation and Protective Order does not confer blanket protections on all disclosures or responses to discovery.

2.    **DEFINITIONS**

2.1.    <u>Action</u>:  the above-captioned action.

2.2.    <u>"CONFIDENTIAL" Information or Items</u>:  Disclosure or Discovery Material that a Party or Non-Party in good faith believes contains non-public, confidential, private, personal, proprietary, customer, client, or other commercially sensitive information that requires protection.    Disclosure or Discovery Material designated as "CONFIDENTIAL" may include, but is not limited to, any information that constitutes confidential information under the Federal Rules of Civil Procedure and applicable laws and regulations.

2.3.    <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

2.4.    <u>Designated In-House Counsel</u>: In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this Action.

2.5.  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

2.6.  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7.  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8.  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information</u>: Disclosure or Discovery Material that a Party or Non-Party in good faith believes contains non-public information that is so sensitive that disclosure may substantially compromise and/or jeopardize the Producing Party's business interests, including but not limited to, non-public, confidential, private, personal, proprietary, customer, client, or other commercially sensitive information that requires greater protection than that afforded to Disclosure or Discovery Material designated as "CONFIDENTIAL."

2.9.  <u>In-House Counsel</u>:  Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel or any other outside counsel.

2.10. <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11. <u>Outside Counsel</u>:  Attorneys (including litigation and support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries but who are counsel of record for a Party in this Action, meaning they have been retained to represent or advise and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12. <u>Outside Consultant</u>:  A person with specialized knowledge or experience in a matter pertinent to this Action (including support staff) who (1) has been retained by a Party or its Outside Counsel to serve as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.13. <u>Party</u>:  any party to this Action, including all of its officers, directors, and employees, and Outside Counsel (and their support staffs).

2.14. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) to a Party, and their employees and subcontractors, including, but not limited to, data recovery vendors, graphic consultants, outside copy services, qualified persons taking testimony involving such material, and necessary stenographic and clerical personnel.  This definition includes a professional jury or

trial consultant retained in connection with this action and mock jurors retained by

such a consultant to assist them in their work. Professional Vendors do not include

consultants who fall within the definition of Outside Consultant or any persons that

fall within the definition of Outside Counsel.

2.16. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE OF PROTECTION FOR PROTECTED MATERIAL

This Stipulation and Protective Order shall govern all Protected Material in whatever form,

including documents, data, information, interrogatory responses, deposition testimony, deposition

transcripts, responses to requests for admission, and any other Protected Material provided,

produced, or made available for inspection in response to any method of discovery conducted in

this Action. The protections conferred by this Stipulation and Protective Order cover not only

Protected Material (as defined above), but also any information copied or extracted therefrom, as

well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or

presentations by Parties or counsel to or in Court or in other settings that might reveal Protected

Material. However, the protections conferred by this Stipulation and Protective Order do not

cover the following information: (a) any information that is in the public domain at the time of

disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

Receiving Party as a result of publication not involving a violation of this Order, including

becoming part of the public record through trial or otherwise; and (b) any information known to

the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

5

from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate order. Nothing herein shall be construed to prevent a Producing Party from reviewing, using or disclosing its own Protected Material in any manner that it deems appropriate. This Stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Disclosure or Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 4.    GENERAL LIMITATIONS ON DISCLOSURE AND USE OF PROTECTED MATERIAL

4.1.    Any Producing Party may designate any Disclosure or Discovery Material, or any portions thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Protective Order. Disclosure or Discovery Material produced with a confidentiality designation shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purposes of this Action and shall not be made available to any Non-Party and shall not be disseminated to the media or public or used in connection with any other judicial, administrative, or arbitral proceeding, except that it may be used in proceedings related to the enforcement of the judgment entered in this Action. Parties and their agents, including the Outside Counsel for the Parties, shall use all reasonable steps to safeguard the confidentiality of all Disclosure or Discovery Material governed by this Stipulation and Protective Order and ensure that it is used only for the purposes specified herein and disclosed only to those persons authorized.

4.2.    A Party may upward designate (*i.e.*, change any documents or other material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL"

to a designation of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be redesignated.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

      4.3.    During the course of this Action, a Party or Non-Party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a Non-Party. The Party or Non-Party subject to the contractual or other obligations of confidentiality shall promptly contact the person or entity to whom the obligation is owed to determine whether that person or entity is willing to permit disclosure of the Protected Material under the terms of this Stipulation and Protective Order.  If that person or entity is so willing, the information, if otherwise discoverable, shall be produced in accordance with this Stipulation and Protective Order.  If the person or entity to whom the obligation is owed is not willing to permit disclosure of the Protected Material under the terms of this Stipulation and Protective Order, or fails to respond before responses or production is due, the Party seeking the information in this litigation shall be so notified and given a description of the documents withheld, the reason for withholding the documents, the person or entity to whom the obligation of confidentiality is owed, and the person or entity's contact information to the extent that providing such information will not violate any contractual or other obligation of confidentiality.  This description shall be produced as promptly as practicable.

4.4.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Where applicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order (*i.e.*, mass, indiscriminate, or routinized designations are prohibited).  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

## 5.    ACCESS TO AND USE OF PROTECTED MATERIAL

5.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Protective Order.  For purposes of this Stipulation and Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean any physical or electronic showing of the Protected Materials to any person, including communication in any form of the contents (in whole or in part) or existence of the Protected Materials.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation and Protective Order.

5.2.    <u>Disclosure of "CONFIDENTIAL" Information</u>.  Unless otherwise ordered by the Court or prior, unqualified written consent by the Designating Party is obtained, <u>no</u> Disclosure or

Discovery Material designated as "CONFIDENTIAL" shall be disclosed by the Receiving Party, either directly or indirectly, to any person or entity other than:

    a.  the Court and court personnel;

    b.  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c.  the Receiving Party's Outside Counsel, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

    d.  Experts (as defined in this Order) of the Receiving Party and those working under their direction or control (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A),  and (3) as to whom the procedures set forth in paragraph 5.4, below, have been followed;

    e.  court reporters and their staff transcribing depositions or testimony in this Action;

    f.  persons who are or were authors or recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    g.  any Outside Consultant (1) retained or consulted by any Party in connection with this Action and those working under their direction or control to whom it is reasonably necessary to disclose the information for this Action, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 5.4, below, have been followed;

    h.  Professional Vendors (1) employed by the Parties or their In-House Counsel or

Outside Counsel to assist in this Action, and (2) with one representative for the company who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    i.   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

    j.   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    5.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information. Unless otherwise ordered by the Court or prior, unqualified written consent is obtained, no "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Disclosure or Discovery Materials shall be disclosed, either directly or indirectly, to any person or entity other than:

    a.   the Court and court personnel;

    b.   the Receiving Party's Outside Counsel, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

    c.   Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this Action, (3) who has signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 5.4(a), below, have been followed;

d. Experts (as defined in this Order) of the Receiving Party and those working under their direction or control (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 5.4(b), below, have been followed;

e. court reporters and their staff transcribing depositions or testimony in this Action;

f. persons who are or were authors or recipients of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g. any Outside Consultant retained or consulted by any Party in connection with this Action and those working under their direction or control (1) to whom it is reasonably necessary to disclose the information for this Action, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 5.4(b), below, have been followed;

h. Professional Vendors (1) employed by the Parties or their In-House Counsel or Outside Counsel to whom disclosure is reasonably necessary for this Action and (2) with one representative for the company who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

i. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

5.4.     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated In-House Counsel, Experts, or Outside Consultants.

a.     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated In-House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 5.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated In-House Counsel and the city and state of his or her residence, and (2) describes the Designated In-House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if In-House Counsel is involved, or may become involved, in any competitive decision-making.

b.     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) or Outside Consultant (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraphs 5.2(d), 5.2(g), 5.3(d) or 5.3(g) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert or Outside Consultant, and the city and state of his or her primary residence, (2) attaches a copy of the Expert or Outside Consultant's current resume, (3) identifies the Expert or Outside Consultant's current employer(s), (4) identifies each person or entity from whom the Expert or Outside Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or Outside Consultant has provided professional

services, including in connection with a litigation, at any time during the proceeding five years,[1] (5) identifies (by name and number of the cases, filing date, and location of court) any litigation in connection with which the Expert or Outside Consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the proceeding five years, and (6) identifies whether the expert has been employed by, is currently employed by, or is anticipated to become an employee of a Party.

      c.     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated In-House Counsel, Expert, or Outside Consultant unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      d.     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated In-House Counsel, Expert, or Outside Consultant may file a motion as provided in Local Rule 7.1 seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated In-House Counsel, Expert, or the Outside Consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to

---

[1] If the Expert or Outside Consultant believes any of this information is subject to a confidentiality obligation to a third party, then the Expert or Outside Consultant should provide whatever information the Expert or Outside Consultant believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert or Outside Consultant shall be available to meet and confer with the Designating Party regarding any such engagement.

reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated In-House Counsel, Expert, or the Outside Consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel, Expert, or Outside Consultant.

5.5.    General Procedure for Disclosure of Protected Material.

a.    Any persons to whom Protected Material is disclosed pursuant to Paragraph 5.2(j) including as incorporated into Paragraph 5.3 above shall, prior to viewing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as applicable, read this Stipulation and Protective Order and execute the attached "Acknowledgement and Agreement to be Bound" (Exhibit A).  The original Acknowledgment and Agreement signed by persons referenced or identified in Paragraphs 5.2(f) and (i) above shall be retained by the Parties' Outside Counsel as a permanent record.

b.    Provided that the disclosure requirement of Paragraph 5.4 above has been satisfied and any objections to the Expert or Outside Consultant have been resolved in favor of allowing the Expert or Outside Consultant to participate in the Action, the Expert or Outside Consultant shall, prior to viewing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information as applicable, read this Stipulation and Protective Order and execute the attached "Acknowledgement and Agreement to be Bound" (Exhibit A).

**6.    DESIGNATION OF PROTECTED MATERIAL**

6.1.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 6.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>Documents and Other Materials:</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) that the Producing Party stamp such Disclosure or Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.  Where such a marking is impossible or impracticable, the Producing Party shall designate in writing at the time of production that the Disclosure or Discovery Material contains Protected Material.

6.2.    <u>Deposition Testimony and Transcripts:</u>  In the case of depositions, hearings, or other proceedings, designation of the transcript or portion of the transcript (including exhibits) that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be made by an oral statement by Outside Counsel for the Producing Party directing the court reporter during the deposition, hearing, or other proceeding to mark the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and the Producing Party shall thereafter provide Outside Counsel for the Receiving Party with written notice within thirty (30) days of the date on which it receives the transcript (excluding rough transcripts) of

all portions of the transcript (identified by page and line) that contain Protected Material.  Until Outside Counsel for the Receiving Party receives such written notice, the entire transcript shall be deemed to contain Protected Material.  If the Producing Party's Outside Counsel fails to provide to Outside Counsel for the Receiving Party the written notice described in this paragraph within the time period set forth herein, then the Producing Party will be deemed to have waived the confidentiality of the deposition, hearing, or other proceeding transcript.  The Parties may modify the above designation procedures for any particular deposition through agreement on the record at such deposition, hearing, or other proceeding or through written correspondence without further order of the Court. In the event there is a conflict between this Stipulation and Protective Order and the procedures of the Court, the Court procedures will govern.

6.3.    In the event a deposition is videotaped, the original and all copies of the videotape or other recording shall be marked by the technician to indicate that the contents of the videotape or other recording are subject to this Stipulation and Protective Order, substantially along the lines of "This recording contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

6.4.    Outside Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, the deponent's counsel, expert consultants, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

6.5.    <u>Non-Party Designations</u>.  Non-Parties who produce Disclosure or Discovery Material in this action may avail themselves of the provisions of this Stipulation and Protective Order, and such Disclosure or Discovery Material produced by Non-Parties shall be treated by the Parties in conformance with this Stipulation and Protective Order.  Any discovery requests to a Non-Party in this action shall be accompanied by a copy of this Stipulation and Protective Order as well as notice to that Non-Party that Disclosure or Discovery Material produced by the Non-Party may be produced subject to the terms and protections afforded by this Stipulation and Protective Order.  A Non-Party's use of this Stipulation and Protective Order for production of its Disclosure or Discovery Material does not entitle that Non-Party to have access to Disclosure or Discovery Material produced by any Party in this Action.  Further, in the event that a Non-Party produces Disclosure or Discovery Material in this action that a Party wishes to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party wishing to make that designation must do so within thirty (30) business days of receipt and identify the information by Bates label or, where not Bates labeled, by document title and page number(s) or page and line number(s).  The Receiving Parties shall thereafter mark the Disclosure or Discovery Material in the manner requested by the Designating Party and thereafter treat the Disclosure or Discovery Material in accordance with such designation.

## 7.    INADVERTENT DISCLOSURE

7.1    <u>Failure to Designate CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information</u>.  The Producing Party's failure to designate any CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY Information at the time of production will not be deemed a waiver of the right to designate such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information as soon as practicable upon knowledge that the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation (either by stamp or in writing) was initially omitted. The Producing Party shall notify all Parties in writing of any inadvertent production or disclosure of Protected Material without the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. After receiving notice of the inadvertent production or disclosure, the Receiving Party must return or destroy all copies of the information without the proper designation and any copies they have within ten (10) days.

7.2    <u>Disclosure of Discovery Materials Protected by Privilege or Other Protection</u>. Pursuant to Federal Rule of Civil Procedure 502, if a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the production of that material shall not be deemed to constitute the waiver of any applicable privileges or protections. In such circumstances, as soon as the Producing Party becomes aware that privileged or protected material was produced, it must notify the Receiving Party and request either the return or the destruction of the produced material. Immediately after receiving such notification, the Receiving Party shall return or destroy and confirm destruction of all such produced material, including all copies, notes, and/or summaries thereof in any Receiving Party work product within ten (10) days of receipt of the Producing Party's notice. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material. The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced material for reasons other than its production or any information about the contents of the material that was gained due to its

18

production.  Moreover, this Stipulation and Protective Order shall not prevent any Party from challenging the designation of such material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

## 8.    MATERIAL NOT COVERED BY THE PROTECTIVE ORDER

No Discovery or Disclosure Material shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if:  (1) it is in the public domain at the time of disclosure to a Receiving Party; (2) it becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulation and Protective Order; or (3) the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Protected Material.

## 9.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.1.    <u>Challenging Privilege Determinations.</u> The Receiving Party shall not be obligated to challenge the propriety of privilege designations at the time asserted, and a failure to do so shall not preclude a subsequent challenge thereto.  If, after review of the Producing Party's privilege log, the Receiving Party wishes to challenge one or more of the privilege designations made in the privilege log, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.

    9.2.   <u>Challenging Confidentiality Designations.</u>  The Receiving Party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  If at any time the Receiving Party objects to the Producing Party's designation of any Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and seeks to use such Protected Materials other than as permitted by this Stipulation and Protective Order, the Receiving Party shall so state by letter to Outside Counsel for the Producing Party, which shall identify the specific Disclosure or Discovery Material it is challenging.  Within fourteen (14) days of receipt of such letter, the Producing Party shall respond in writing to the Receiving Party setting forth the basis for its confidentiality designations to the challenged Disclosure or Discovery Material and/or advising of its determination to re-designate some or all of the challenged Disclosure or Discovery Material.  In the event the Receiving Party is not satisfied by the Designating Party's response letter, the Designating Party and the Receiving Party shall promptly meet and confer, in good faith, to resolve any outstanding dispute concerning the designation and treatment of such information pursuant to the terms of this Stipulation and Protective Order.  If the Parties still are unable to agree on the appropriateness of one or more "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations, the Party challenging the designations may present such dispute to the Court.

    9.3.   Neither Party shall contend that the meet and confer process set forth in this Section 9 constitutes a waiver of the Designating Party's designation.  Any motion brought pursuant to this Section 9 must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this section.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

10.    **FILING OF PROTECTED MATERIAL**

Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this Action.  A Party that seeks to file under seal any Protected Material must comply with the procedures set forth in the Local Rules.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If any person fails to file Protected Material under seal, the Producing Party or any Party claiming confidentiality for the Protected Material may request that the Court place the filing under seal.

During a hearing, pretrial proceeding, trial, or other proceeding in the Action, Protected Material designated as such pursuant to this Stipulation and Protective Order may be offered into evidence and retained by the Court, provided that the proponent of the evidence advises the Court and the Producing Party in advance that it intends to offer such Protected Material.  The Producing Party may apply to the Court to allow the Protected Material to retain its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY status notwithstanding such use. Prior to disclosure of Protected Material at a hearing, pretrial proceeding, trial, or other proceeding in the Action, the Producing Party may seek further protections against public disclosure from the Court.

11.    **PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN ANOTHER LITIGATION**

If the Receiving Party concludes that it is compelled, by subpoena or other form of judicial or other compulsory process, to disclose Protected Material, the Receiving Party shall as promptly

as possible, and at least fourteen (14) days prior to the disclosure, provide written notice, including a copy of the subpoena or request, to Outside Counsel for the Producing Party of the Receiving Party's intention to provide Protected Material. The Producing Party then may object to the disclosure of such Protected Material and may seek an order from a court or other authority precluding the production or disclosure of Protected Material.

## 12. NO FURTHER USE OF DISCLOSURE OR DISCOVERY MATERIALS

A Receiving Party may use Disclosure or Discovery Material disclosed or produced by a Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Unless otherwise ordered by the Court or with prior written consent by the Designating Party, a Receiving Party may not use Disclosure or Discovery Material for any other purpose, including, without limitation, any business or competitive function or any other litigation (including any other judicial, administrative, or arbitral proceeding), except that it may be used in proceedings related to the enforcement of the judgment entered in this Action. Notwithstanding the foregoing, nothing in this Section 12 shall prevent any Party or Non-Party from using information of which it already had prior knowledge or from using any public information, including information that may become part of the public record in this Action.

## 13. FINAL DISPOSITION

Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

Within sixty (60) days after the final disposition of this Action, each Receiving Party must return all Disclosure or Discovery Material to the Producing Party or securely destroy such

Disclosure or Discovery Material and provide a written certification of such secure destruction. As used in this subdivision, "all Disclosure or Discovery Material" includes all hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Disclosure or Discovery Material.  Whether the Disclosure or Discovery Material is returned or destroyed or deleted, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Disclosure or Discovery Material that was returned, destroyed or deleted and (2) affirms that the Receiving Party has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries or any other format reproducing or capturing any of the Disclosure or Discovery Material.

Notwithstanding this provision, a Party's In-House Counsel and Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, and attorney work product even if such materials contain Disclosure or Discovery Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order. Nothing in this Section 13 shall require a Receiving Party to securely destroy or certify the destruction of any public versions of filings in this matter.

## 14.    FINAL DISPOSITION

14.1.   Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or Court order, further, greater, or lesser protection with respect to the use of any Protected Material in this Action or limit in any way the Producing Party's use of its own Protected Material.

14.2.    The terms of this Stipulation and Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.  After the final disposition of the Action, this Stipulation and Protective Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Protected Material has been disclosed or communicated.

14.3.    This Stipulation and Protective Order is without prejudice to the Receiving Party's ability to seek any documents produced subject to this Stipulation and Protective Order through discovery in another action pursuant to Fed. R. Civ. Proc. 34 and/or 45, or the Producing Party's ability to object to any such request.

14.4.    Nothing in this Stipulation and Protective Order or any designation of Disclosure or Discovery Material as Protected Material hereunder or any failure to make such a designation may be used or characterized as a Party admission.

14.5.    Nothing in this Stipulation and Protective Order shall be deemed to waive any applicable privilege or protection under the law.

14.6.    Neither this Stipulation and Protective Order nor any designation of Disclosure or Discovery Material as Protected Material shall affect the admissibility of the information so designated into evidence, including, without limitation, the authenticity or relevancy of the Disclosure or Discovery Material.

14.7.    In the event of any dispute between the Parties regarding this Stipulation and Protective Order, the Parties shall meet and confer, in good faith, to resolve any such dispute.  Any dispute that cannot be resolved following such meet and confer process, may be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

14.8.    This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose disclosure of any document or information for any reason other than confidentiality.

This Stipulation and Protective Order may be changed only by further agreement of the Parties in writing and "So Ordered" by the Court and is without prejudice to the rights of any Party to move in good faith for relief from any of its provisions or to seek or agree to additional protection for particular Disclosure or Discovery Material including, but not limited to, heightened confidentiality protection.

14.9.    Nothing herein shall be construed to prevent the disclosure of Protected Material if such disclosure is required by law or court order.

14.10.   Transmission by electronic means is acceptable for all notification purposes discussed herein.

14.11.   This Order is subject to modification by the Court.

IT IS SO STIPULATED.

DATED: May 2, 2025                     Respectfully submitted,

                                       **WEIL, GOTSHAL & MANGES LLP**

                                       BY:*/s/ Jessica L. Falk*
                                       Jessica L. Falk
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       jessica.falk@weil.com
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       *Attorneys for Plaintiffs*

                                       **MORRISON & FOERSTER LLP**

                                       BY: */s/ Joseph C. Gratz*
                                       Joseph C. Gratz (*pro hac vice*)
                                       425 Market Street
                                       San Francisco, CA 94105
                                       jgratz@mofo.com
                                       Telephone: (415) 268-7000
                                       Facsimile: (415) 268-7522

                                       *Attorneys for Defendants*

**SO ORDERED.**

DATED: _____May 5_____, 2025

                                       _____
                                       HON. JESSE M. FURMAN

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN EAGLE OUTFITTERS, INC. and RETAIL ROYALTY COMPANY | CASE NO.:    No. 24-CV-7251 (JMF) |
| Plaintiffs, | |
| v. | |
| AMAZON.COM SERVICES LLC and AMAZON.COM, INC. | |
| Defendants. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulation and Protective Order that

was issued by the United States District Court for the Southern District of New York in the

above-captioned action.  I agree to comply with and to be bound by all the terms of the

Stipulation and Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulation and

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulation and

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or

type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulation and Protective Order.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____